## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-925 (JLH) |
| | ) |
| DR. SYED SHAH, | ) |
| | ) |
| Defendant. | ) |
| MATTHEW JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-998 (JLH) |
| | ) |
| DR. FOUAD EL CHIDIAK, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Matthew Jones, Greenwood, Delaware – Pro Se Plaintiff.

May 13, 2024
Wilmington, Delaware

HALL, U.S. DISTRICT JUDGE:

## I. INTRODUCTION

Plaintiff Matthew Jones brings these civil rights actions under 42 U.S.C. § 1983 against two doctors. In both cases, Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. The Court proceeds to review and screen the Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Plaintiff is not new to this Court. These two cases represent the thirty-eighth and thirty-ninth complaints he has filed in this district since 2015. The Complaints in these two cases are nearly identical. The primary difference is that different defendants are named. The Defendant in each is a doctor. Plaintiff alleges that they are "private businessm[e]n presently doing business at Dover Behavioral Health," where they are, effectively, "State Actor[s] for the State of Delaware." (No. 23-925, D.I. 2 at 1; No. 23-998, D.I. 2 at 1.) He alleges that the two Defendant doctors each misdiagnosed him with schizophrenia and prescribed him unnecessary and damaging medication. Each of the complaints requests damages.

## III. SCREENING OF COMPLAINTS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v.*

1

*County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his

pleadings are liberally construed and his Complaints, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v.*

*Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies

on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional'

factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A well-pleaded complaint must

contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must plead facts sufficient to

show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12

(2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the

legal theory supporting the claim asserted. *See id.* at 11.

## IV.   DISCUSSION

Plaintiff's Complaints are both frivolous.  Plaintiff has filed many cases in this Court

directly or tangentially challenging his schizophrenia diagnoses over the years. *See, e.g., Jones v.*

*Thomas*, No. 19-896-RGA, 2023 WL 5953196 (D. Del. Sept. 13, 2023); *Jones v. Capiro*, No. 19-

895-RGA, 2020 WL 1915126 (D. Del. Apr. 20, 2020); *Jones v. Thompson*, No. 19-897-RGA,

2020 WL 1915249 (D. Del. Apr. 20, 2020); *Jones v. Del. State Police Headquarters*, 18-1379-

RGA, 2019 WL 569821 (D. Del. Feb. 11, 2019); *Jones v. Ahmed*, No. 18-1382-RGA, 2019 WL

569825 (D. Del. Feb. 11, 2019); *Jones v. Dover Behavioral Health Sys.*, No. 17-394-RGA, 2018

WL 6521918 (D. Del. Dec. 12, 2018); *Jones v. Bauer*, No. 18-1208-RGA, 2018 WL 6040256 (D.

Del. Nov. 19, 2018).

Notably, this Court, in dismissing a 2018 case Plaintiff filed against Dover Behavioral

Health Systems, stated:

> Interpreting the Second Amended Complaint liberally, perhaps it means to allege
> that Dover Behavioral Health System personnel were involved in the schizophrenia
> diagnosis. Assuming this was some sort of malpractice, it would not be the basis
> for a federal lawsuit, as there would be no diversity jurisdiction.

*Jones*, 2018 WL 6521918, at *3. The same is true here. Both Complaints will be dismissed.

Amendment is futile.

## V.   **CONCLUSION**

For the above reasons, the Court will dismiss the Complaints pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).

An appropriate Order will be entered.